# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**GEORGE MAY,**

    **Plaintiff,**

**vs.**                                                        **CASE NO. 1:05CV6-MMP/AK**

**RON MCRAE, et al,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff has been found by numerous courts, particularly the United States Court of Appeals for the Eleventh Circuit, to be a vexatious litigant within the meaning of Fla. Stat. Ann. § 68.093,[1] and certain pre-filing requirements have been imposed upon him. See May v. Maass, 2005 Lexis 20695.  (Doc. 17, Exhibits).  At issue before the Eleventh Circuit were orders from the United States District Dourt for the Southern District of Florida, wherein Plaintiff was directed to post a $1500 contempt bond, as well

---

[1] A vexatious litigant is one who "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state...which actions have been finally and adversely determined against such person or entity...."  The Eleventh Circuit noted that Plaintiff had filed at least forty suits in the Southern District of Florida since 1991.

as to submit a copy of the order with each complaint he attempted to file in **any federal district court**. (Emphasis added). Another order referred to by the Eleventh Circuit directed that Plaintiff must seek leave of court prior to filing suit and instructed the Clerk of Court not to accept any complaint for filing unless Plaintiff proved that such leave had been obtained.

Contrary to these clear directives Plaintiff has not obtained leave of court nor has he offered a contempt bond for this lawsuit or another one filed November 17, 2005, May v. State of Florida, Case No. 1:05CV185-MMP/AK. In the present suit, Plaintiff paid the full filing fee and, failing to apprise this Court of the orders entered concerning his problems in the Southern District, he received the Court's standard order advising him of his responsibilities to serve the defendants, and he served them. Defendants were forced to file a motion to dismiss, alerting the Court to Plaintiff's history, resulting in additional time, effort and expense on the part of the Defendants and the Court. In other words, Plaintiff persisted in his efforts to pursue this lawsuit well aware of the standing orders of which he was in contempt, apparently intent on pushing his lawsuit as far and as long as he could.

Although Plaintiff's claims have been dismissed, what remains before the Court are Defendants' counterclaims seeking attorneys fees and expenses incurred in defending the present lawsuit, punitive damages, and an order further prohibiting him from filing complaints in this district. (Doc. 10, 14). Plaintiff did not respond to the Counterclaim as directed by this Court (doc. 15), within the time provided, and instead

**No. 1:05cv6-mmp/ak**

filed a merit less Motion for Default Judgment (doc. 16), which is by separate order being summarily denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Counterclaims (doc. 10) be **GRANTED**, and that Defendants be allowed to file affidavits detailing their fees and expenses in defending this lawsuit for an award of sanctions against Plaintiff.  That if the Defendants wish to pursue punitive damages, that they be granted leave to serve Plaintiff with interrogatories and other discovery to establish his financial net worth.  Finally, it is recommended that the Clerk of Court of the Northern District of Florida be directed not to accept for filing any future complaints without the posting of a $1500 contempt bond and leave of court.

**IN CHAMBERS** at Gainesville, Florida, this  16th  day of May, 2006.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:05cv6-mmp/ak**