IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


GEORGE MAY,

    Plaintiff,

v.                                                 CASE NO. 1:05-cv-00006-MP-AK

DEPARTMENT OF TRANSPORTATION STATE OF FLORIDA,
RON MCRAE,
STATE OF FLORIDA,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, doc. 20, recommending that Court enter judgment for the defendants on their Counterclaims, doc. 10, alleging abuse of process and malicious prosecution flowing from plaintiff's history of vexatious litigation. The plaintiff filed untimely objections to the Report and Recommendation (doc. 26), which the defendants moved to strike (doc. 27). Also pending is doc. 24, defendants' motion for attorney's fees, to which plaintiff filed a response, doc. 25.

Plaintiff has been found by numerous courts, particularly the United States Court of Appeals for the Eleventh Circuit, to be a vexatious litigant within the meaning of Fla. Stat. Ann. § 68.093, and certain pre-filing requirements have been imposed upon him. See May v. Maass, 2005 Lexis 20695. (Doc. 17, Exhibits). At issue before the Eleventh Circuit were orders from the United States District Dourt for the Southern District of Florida, wherein Plaintiff was directed to post a $1,500 contempt bond, as well as to submit a copy of the order with each complaint he attempted to file in any federal district court.

Another order referred to by the Eleventh Circuit directed that Plaintiff must seek leave

of court prior to filing suit and instructed the Clerk of Court not to accept any complaint for filing unless Plaintiff proved that such leave had been obtained. Contrary to these clear directives Plaintiff has not obtained leave of court, has not submitted a copy of the prior order, nor has he offered a contempt bond for this lawsuit or another one filed November 17, 2005, May v. State of Florida, Case No. 1:05CV185-MMP/AK.

In the present suit, Plaintiff paid the full filing fee and, failing to apprise this Court of the orders entered concerning his problems in the Southern District, he received the Court's standard order advising him of his responsibilities to serve the defendants, and he served them. Defendants were forced to file a motion to dismiss, alerting the Court to Plaintiff's history, resulting in additional time, effort and expense on the part of the Defendants and the Court. In other words, Plaintiff persisted in his efforts to pursue this lawsuit well aware of the standing orders of which he was in contempt, apparently intent on pushing his lawsuit as far and as long as he could.

Although Plaintiff's claims have been dismissed, what remains before the Court are Defendants' counterclaims seeking attorneys fees and expenses incurred in defending the present lawsuit, punitive damages, and an order further prohibiting him from filing complaints in this district. (Doc. 10, 14).  The defendants filed affidavits detailing their hours expended, hourly rate, and professional credentials.  See docs. 23 & 24.  Plaintiff did not respond to the Counterclaim as directed by this Court (doc. 15) within the time provided, and instead filed a meritless Motion for Default Judgment (doc. 16), which was summarily denied (doc. 19).

The Magistrate Judge issued a Report and Recommendation, recommending that the relief sought in the counterclaims be granted and that the defendants be given a chance to file

affidavits regarding their damages.  As noted above, defendants have already filed said affidavits.

The Court agrees with the Magistrate Judge that plaintiff has been determined to be a vexatious litigant by the Eleventh Circuit.  Additionally, the Court finds that the defendants should be entitled to attorney's fees and costs as an appropriate sanction, and as compensation for the plaintiff's deliberate breach of prior court orders.  The Court also finds that the amount of fees and the hourly rates requested are reasonable in light of the professional credentials of the attorneys and type of work performed in this case.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (doc. 20) is adopted and incorporated herein.

2. The Clerk is directed to enter judgment on the defendants counterclaims in favor of defendants and against plaintiff, for the total amount of $9,686.25, representing attorney's fees in the amount of $1,780.00, for the efforts of Attorney George Waas, and $7,906.25, for the efforts of Attorney Robert Vanhorne.

3. Doc. 27, the motion to strike the objection to the Report and Recommendation, is denied.

4. The Clerk is directed not to accept for filing any future complaints from the Plaintiff without prior leave of court and the posting of a $1,500 contempt bond.

**DONE AND ORDERED** this  *26th*   day of October, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge